UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL JUNIOR SOYARS,<br><br>Defendant. | 4:02-CR-40046-LLP<br><br><br>ORDER |

Pending before the Court is Defendant Paul Junior Soyars' ("Soyars") pro se Motion for Sentence Reduction and/or Compassionate Release Under the First Step Act. (Doc. 60.) For the following reasons the motion is denied.

## BACKGROUND

In 2002, Soyars was in prison at the South Dakota State Penitentiary serving a 25-year state sentence for his 1998 crimes of grand theft and possession of a controlled weapon. On or about January 9, 2002, while in prison at the state penitentiary, Soyars committed the federal offense of Threats Against the President in violation of 18 U.S.C. § 871(a). In July 2002, Soyars was charged with attempted murder of another inmate at the state penitentiary. On October 4, 2002, Soyars appeared before this Court and pleaded guilty to threatening the President of the United States in violation of federal law. In December 2002, Soyars was sentenced in state court to 15 years for attempted murder, consecutive to his 25-year state sentence for grand theft and possession of a controlled weapon. On January 13, 2003, this Court sentenced Soyars for his federal offense to 42 months' imprisonment, with 18 months to run concurrently with his state sentences and 24

months to run consecutively to his 15-year state sentence for attempted murder. Soyars did not appeal.

Soyars is currently incarcerated at the South Dakota State Penitentiary in the custody of the State of South Dakota Department of Corrections. He is serving his 15-year sentence for attempted murder.[1] Soyars' term of imprisonment for the attempted murder conviction expires on December 9, 2034, while his initial parole date is September 23, 2031. *See* https://www.doc.sd.gov/adult/lookup. Once his sentence on the state attempted murder conviction is discharged, Soyars will begin serving the 24-month consecutive sentence issued by this Court for his federal offense of threatening the President. (Doc. 64, p. 2.)

On December 16, 2024, Soyars filed the instant motion requesting a reduction of his federal sentence and, in the alternative, compassionate release.

## DISCUSSION

### A. Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010). "Section 3582(c)(2) establishes an exception to the general rule of finality 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... and made retroactive.'" *Id.* (quoting 18 U.S.C. § 3582(c)(2)). Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission

---

[1] Soyars indicates that he finished serving his state sentence for grand theft on or about September 29, 2021, and then he began serving the consecutive state sentence for attempted murder. (Doc. 64, p. 1.)

pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The United States Sentencing Guideline ("USSG") for a violation of 18 U.S.C. § 871(a) is found in USSG § 2A6.1, and it calls for a base offense level of 12. The base offense level for a violation of 18 U.S.C. § 871(a) has not changed since Soyars was sentenced. As reflected in Soyars' PSR, the base offense level was 12 when he was sentenced by this Court. Three levels were added to Soyars' base offense level pursuant to USSG § 3A1.2(a) due to the official status of the victim, which resulted in an adjusted offense level of 15. Because Soyars was a career offender within the meaning of USSG § 4B1.1, his offense level increased to 17. A three-level reduction was made for Soyars' acceptance of responsibility, *see* USSG § 3E1.1(a) & (b), resulting in a total offense level of 14. With a total offense level of 14 and a criminal history category VI, Soyars' guideline range was 37 to 46 months.[2]

Soyars does not point to any section of the Sentencing Guidelines that has been amended by the Sentencing Commission and made retroactive to his sentence, and the Court is unaware of any applicable amendment.[3] Simply put, Soyars' sentence was not based on a sentencing range which was subsequently lowered by the Sentencing Commission.

---

[2] When Soyars estimated a guideline range of 24 to 30 months in his motion for a sentence reduction, he failed to include the victim-related adjustment and the career offender enhancement. (Doc. 60, p. 2.)

[3] Congress authorized the United States Sentencing Commission to amend the United States Sentencing Guidelines, and also to specify "when and to what extent a revision will be retroactive." *Dillon*, 560 U.S. at 821 (citing 28 U.S.C. § 994(o) & (u)).

The Court has carefully reviewed the record and concludes Soyars has failed to demonstrate he is entitled to a sentence reduction. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (the burden is on the defendant to establish a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2)).

### B. Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)

In the alternative, Soyars asks the Court to grant compassionate release. Section 3582, as amended by the First Step Act of 2018, provides that a court may reduce a sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Soyars argues that being HIV positive is an "extraordinary and compelling" medical reason for compassionate release because he believes it is a terminal illness and it makes him more susceptible to developing serious complications while housed in the "unsanitary and close quartered conditions" in the prison. (Doc. 60, p. 3.)

Before he can directly move the Court for compassionate release, the statute requires Soyars to exhaust all administrative remedies with the Bureau of Prisons. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Houck*, 2 F.4th 1082, 1083 (8th Cir. 2021) ("According to the plain terms of § 3582(c)(1)(A), prisoners can bring compassionate-release motions on their own once they have exhausted their administrative remedies."). Soyars admits that he has not met the exhaustion requirement, but he asks that his failure to exhaust be excused because he "is not in BOP custody, and as such he has no federal warden to appeal to in order to exhaust his claim." (Doc. 60, p. 2.) Because the government does not raise the exhaustion issue, Soyars' motion for compassionate release will not be denied for failure to exhaust administrative remedies. *See*

*Hauck*, 2 F.4th at 1084 (describing § 3582(c)(1)(A)'s exhaustion requirement as "a mandatory claim-processing rule" that "must be enforced" if "the opposing party properly raises it").

However, Soyars' motion for compassionate release must be denied for another reason. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), is a federal law that applies to inmates incarcerated in federal prison, in the custody of the Bureau of Prisons. Soyars admits he is in the state penitentiary, in the custody of the South Dakota Department of Corrections, serving a state sentence for attempted murder. This Court does not have authority to grant compassionate release to a defendant incarcerated in state prison. *See, e.g., Nguyen v. Unknown*, No. 7:21-CV-59, 2021 WL 326157, at *1 (W.D. Va. Feb. 1, 2021) ("Section 3582(c)(2) is a federal criminal statute and does not apply to a state prisoner sentenced under state law."); *Teague v. Colorado*, No. 20-CV-1425, 2020 WL 3429153, at *5 (D. Colo. June 22, 2020) ("Mr. Teague is in state custody . . . and the Court does not have the authority to order a compassionate release from state custody, which is a matter of state law.") (citations and internal quotations omitted); *Tucker v. Dep't of Corr.*, No. 2:13-CV-0293, 2013 WL 1091282, at *1 (E.D. Cal. Mar. 15, 2013) ("A [state prisoner's] plea for compassionate release is not one which federal courts, sitting in habeas, or any other situation, are entitled to act upon."). Accordingly,

**IT IS ORDERED** that the motion for sentence reduction and/or compassionate release, Doc. 60, is denied.

DATED this 12ª day of June, 2025.

BY THE COURT:

LAWRENCE L. PIERSOL
United States District Judge

5