UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL JUNIOR SOYARS,<br><br>Defendant. | 4:02-CR-40046-LLP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

Defendant Paul Junior Soyars ("Soyars") filed a Motion for Reconsideration. (Doc. 66.) He asks the Court to reconsider the Order denying his Motion for Sentence Reduction and/or Compassionate Release Under the First Step Act. (Doc. 65.) For the following reasons the motion to reconsider is denied.

## DISCUSSION

In its previous Order explaining why Soyars was not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2), the Court reviewed the sentencing guidelines that applied to Soyars' sentence, imposed in January of 2003, for the federal offense of Threats Against the President in violation of 18 U.S.C. § 871(a):

> As reflected in Soyars' PSR, the base offense level was 12 when he was sentenced by this Court. Three levels were added to Soyars' base offense level pursuant to USSG § 3A1.2(a) due to the official status of the victim, which resulted in an adjusted offense level of 15. Because Soyars was a career offender within the meaning of USSG § 4B1.1, his offense level increased to 17. A three-level reduction was made for Soyars' acceptance of responsibility, *see* USSG § 3E1.1(a) & (b), resulting in a total offense level of 14. With a total offense level of 14 and a criminal history category VI, Soyars' guideline range was 37 to 46 months.

(Doc. 65, p. 3.)

In his motion to reconsider, Soyars claims that he was unaware of the career offender enhancement until he read about it in the Court's June 12, 2025 Order. However, Soyars acknowledged his career offender status in his Sentencing Memorandum filed on January 10, 2003. (Doc. 51.) There, Soyars argued against an upward departure, noting that his criminal history category already was VI "not only by virtue of his criminal history points, but also because of his career offender status." (*Id.* at p. 5.) Now, Soyars asserts that he does not qualify as a career offender because he did not have two prior convictions for a crime of violence. Soyars' claim is not premised on a new rule of law that would apply to his sentence, and there is no basis under 18 U.S.C. § 3582(c)(2) to change Soyars' career offender status.

Regarding his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), Soyars clarifies that he is not asking the Court to release him from state custody at the South Dakota State Penitentiary where he is serving his state sentence. Soyars is asking the Court to reduce the consecutive portion of his federal sentence to time served, or to make his federal sentence concurrent with his state sentence, with the result being that Soyars would not need to serve the remaining 24 months of his federal sentence after his release from state custody. Soyars argues that he acted foolishly, but he had no intention of harming the President when he put the "harmless white powder in the envelope that contained the letter addressed to the President." (Doc. 66, p. 3.) He states that, at the time, he was a "young, immature man housed in administrative segregation and not in a good place mentally, spiritually or physically." (Id., p. 4.) These factors are not grounds for a sentence reduction under the compassionate release statute.[1] Accordingly,

---

[1] Soyars raised similar arguments in his Sentencing Memorandum. (Doc. 51.)

**IT IS ORDERED** that the motion for reconsideration, Doc. 66, is denied.

DATED this 7th day of July, 2025.

                                    BY THE COURT:

                                    *[signature]*
                                    LAWRENCE L. PIERSOL
                                    United States District Judge